107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Marie CORDILLO, Plaintiff-Appellant,
v.
Richard James GRAY, M.D.; Carl Tack, M.D., Defendants,
Jacob Cynamon, M.D.; New York Hospital; Thomas Sos, M.D.,
Defendants-Appellees.
 No. 96-7675.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 Appearing for Appellant: Marie Cordillo, pro se, New Providence, New Jersey.
 Appearing for Appellants: Barbara DeCrow Goldberg, Martin Clearwater & Bell, New York, New York.
 Before OAKES, WINTER and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Marie Cordillo, pro se, appeals from a judgment entered after an adverse jury verdict and from Judge Sweet's denial of her Fed.R.Civ.P. 59 motion for a new trial on the ground that the verdict was against the weight of the evidence. In January 1990, Cordillo brought the present action against New York Hospital and four doctors, claiming she did not give an informed consent to a renal angioplasty procedure performed in July 1987. During the procedure, Cordillo's renal artery was ruptured, requiring emergency surgery to remove her left kidney. The only claim presented to the jury concerned informed consent, not whether any of the defendants had been negligent in performing the operation. Cordillo was represented by counsel when filing the action and at trial.
 
 
 4
 It is undisputed that on July 13, 1987, the day before the operation, Cordillo signed a written consent obtained by Dr. Jacob Cynamon. Dr. Cynamon testified that he explained fully to Cordillo the potential risks and benefits of the procedure. Cordillo testified that she was adamant that only Dr. Thomas Sos perform the surgery, but that she believed the procedure was performed by inexperienced medical residents or fellows. The defendants presented evidence that while initial stages of the procedure may have been performed by junior physicians, the actual angioplasty was performed by Dr. Sos.
 
 
 5
 The jury found for the defendants. Judge Sweet subsequently denied Cordillo's motion for a new trial under Fed.R.Civ.P. 59.
 
 
 6
 Under Rule 59, a judge should "abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result" or that the verdict constituted a "miscarriage of justice." Benevino v. Saydjari, 574 F.2d 676, 684 (2d Cir.1978) (quoting 6A Moore's Federal Practice p 59.08 (1973)). However, Cordillo's arguments on appeal offer no support for a conclusion that the verdict, which was based on clearly permissible credibility determinations, was seriously erroneous or a miscarriage of justice.
 
 
 7
 We therefore affirm.